# EXHIBIT A

Filed 6/17/2019 12:00 AM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV2273

IN THE COUNTY COURT AT LAW NO. ________
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| STEVEN TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO:_________ |
| | § | |
| FIAT CHRYSLER AUTOMOBILES US LLC, | § | |
| And EL PASO AUTO ACQUISITIONS INC., D/B/A SUNLAND PARK CHRYSLER | § | |
| | § | |
| Defendant(s) | § | |

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, STEVEN TAYLOR (hereinafter called "Plaintiff"), complaining of FIAT CHRYSLER AUTOMOBILES US LLC., (hereinafter referred to as "Defendant FCA US LLC") AND SUNLAND PARK CHRYSLER DODGE JEEP RAM (hereinafter referred to as "Defendant DEALERSHIP"), and for a cause of action would respectfully show the Court as follows:

**I.**

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

**II.**
**PARTIES**

Plaintiff is a resident of El Paso County, Texas.

Defendant FCA US LLC is a foreign for-profit corporation doing business in Texas, and specifically in El Paso County, Texas. They may be served with citation and a copy of this Original Complaint by serving their Registered Agent, CT CORPORATION SYSTEM located at 1200 S Pine Island Rd, Plantation, FL, 33324-4413 and/or wherever their registered agent may be found.

Defendant EL PASO AUTO ACQUISITIONS INC., D/B/A SUNLAND PARK CHRYSLER is a domestic for-profit corporation doing business in Texas, and specifically in El Paso County, Texas. They may be served with citation and a copy of this Original Complaint by serving their registered agent, Mack Massey at 950 Crockett St, El Paso, TX 79922 and/or wherever their registered agent may be found.

**III.**

**VENUE**

Venue is proper in El Paso County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(3) and (4) because the county of the Defendant Dealership's principal office in this state and Plaintiff is was a resident of El Paso County, Texas at the time of the accrual of the cause of action. In addition, the violation for breach of warranties and DTPA occurred in El Paso, County, Texas.

**IV.**

**FACTUAL BACKGROUND**

The injuries and damages suffered by the Plaintiff and made the basis of this action arose out of a motor vehicle collision that occurred on or about June 19 2017 in Hudspeth County, Texas, specifically at I-10 West near mile marker 95. The Plaintiff was a passenger in a 2015 Dodge Ram Truck manufactured, marketed, and sold by the Defendants.

The Plaintiff was riding in the front passenger seat when the driver of the vehicle attempted to change lanes and lost control of the vehicle. The truck rolled over onto its left side then onto its roof and traveled into the center barrier. The force of the impact caused the vehicle to roll upright in the center of the highway facing west bound.

The Plaintiff lost consciousness in the crash and received severe injuries to his right arm and hand as a result of the crash. These injuries were compounded due to the failure of the occupant

restraint control module's failure to deploy the rollover side curtain air bag during the crash which was the proximate cause of the injuries the Plaintiff sustained. Plaintiff was transported to Del Sol Medical Center in El Paso Texas for initial treatment. After consultation and treatment at Del Sol Medical Center. Plaintiff began an almost two-year episode of health care treatments in an attempt to regain use of the Plaintiff's right hand. Ultimately, the Plaintiffs injuries were so severe that they lead to the loss of use of his right hand and eventual amputation.

Defendants FCA US LLC and Defendant DEALERSHIP were, at the time of this occurrence, and are now engaged in the .business of designing, manufacturing, and producing certain products including the 2015 Dodge Ram 1500, for sale to and for use by members of the general public. Defendants placed the 2015 Dodge Ram 1500 into the stream of commerce by making the product available for sale to the general public. The truck was defective in its design and or manufacture. The truck reached the Plaintiff without substantial change in its condition from the time it was originally sold, and this defect made the truck unreasonably dangerous. This defect lead to the Plaintiff being injured by using the 2015 Dodge Ram 1500 in the manner intended and foreseen by the Defendants.

The product in question is a truck and is designed to allow consumers to travel on local roads and interstates. The safety features of the vehicle include a restraint harness and side curtain airbags for the protection of the driver and passengers. The side airbag curtains are designed to deploy in the event of a collision or rollover event. The deployment of the side airbag is controlled by the occupant restraint control module. During the collision and rollover, the side airbag failed to deploy allowing for the Plaintiff to suffer severe injuries to his right arm and hand. An examination of the product after the incident showed the side airbag failed to deploy.

The injuries sustained by the Plaintiff stem from the Defendants following conduct or negligence.

Defendant FIAT CHRYSLER AUTOMOBILES LLC and Defendant EL PASO AUTO ACQUISITIONS INC failed to properly and timely warn of Defects. In August 17, 2017 after this crash, Defendants send notice to the Plaintiff acknowledging the Defendant. In this case, Plaintiff's vehicle rolled over and the ORC failed to sense the rollover and failed to deploy. As a result, Plaintiff lost his arm and sustained substantial injuries and damages.

## V.
## DECEPTIVE TRADE PRACTICES

Defendants qualify as a "seller" as the term is defined by the Texas Products Liability Act, as set out in Chapter 82 of the Texas Civil Practices and Remedies Code. As such, Defendants were engaged in the business of distributing and otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof.

Defendants exercised substantial control over the content of a warning or instruction that accompanied the product, the warning or instruction was inadequate, and Plaintiff's harm resulted from the inadequacy of the warning or instruction.

Defendants FCA US LLC and Defendant DEALERSHIP violated the Texas Deceptive Trade Practices Act Sec 17.46, *et seq.*, in one or more of the following ways:

1. Representing that the goods or services were of a particular quality, standard or grade, when it was of another;
2. Knowingly making false or misleading statements of fact concerning the goods or services and its condition;
3. Breech of Express and Implied Warranties;
4. Engaging in unconscionable action or course of action;
5. Failing to replace/repair any defective parts;

VI.

**PRODUCT DEFECT- MARKETING DEFECT AND NEGLIGENCE**

The product was defective and unreasonably dangerous because there was no warning that occupant restraint control module would not deploy the side air curtain without any misuse by the user. Defendants FCA US LLC and Defendant DEALERSHIP were negligent by breeching their duty to the Plaintiff in one or more of the following alternative theories of negligence:

1. Negligent design;
2. Negligent manufacture;
3. Failure to timely warn;
4. Delivering a defective, and or damaged truck when the Defendants know or should have known of the propensity for malfunction; failing to adopt quality assurance for truck safety features;
5. Failing to provide functioning safety devices to prevent injury;
6. Representing the truck was safe when the truck could fail at any moment;
7. Failure to timely recall the truck;
8. Failure to provide timely and adequate warning;
9. Failure to safely manufacture the truck;
10. Failure to adequately test the truck and its safety equipment;
11. Advertising and representing the truck was safe when it was not;
12. Failing to provide instructions on how to safely use the truck and its safety equipment;
13. Failing to develop safe, adequate procedures to use the truck and its safety equipment;

14. Failing to train its customers on the hazards and procedures involved in using the truck and its safety equipment;

15. Failure to advise potential buyers and users of the hazards involved in the use of the truck and its safety equipment which would render it unsafe;

16. Failure to use due care in testing and inspecting the truck to determine its functionability for the purposes intended;

17. Failure to supply functional safety equipment or devices to ensure the truck would operate safely;

18. Failure to keep reasonably informed and advised of available public and private reports, studies, statistics and other information concerning the type, nature and frequency of accidents involving this type of truck and the number, nature and severity of injuries and deaths resulting from same;

19. If Defendants claim to have such knowledge and information aforesaid, then the failure to act as a reasonably prudent manufacturer would act when so informed, to so design, market, manufacture and use such truck which would eliminate or reduce the frequency or severity of such accidents and the injuries and deaths resulting there from;

20. Failure to take notice of, heed and comply with all federal, state or other laws and regulations enacted for the protection of the public;

21. Failing to recall the truck as required by industry standards;

22. Negligent design and manufacturing of the truck to where it was faulty;

23. Negligent design and manufacturing of parts causing among other things, the occupant restraint control module failing to deploy the aide airbag curtain;

24. Failure to timely recall the truck and timely replace the defective part and allowed the use of a defective product;

25. The malfunction is evidence of product defect and inherently dangerous.

These acts and omissions, taken by themselves or in combination, were a proximate cause of the Plaintiff's injuries and damages.

## VII.
## BREECH OF EXPRESSED WARRANTIES

Plaintiff incorporates by reference all allegations previously made herein. Defendant FCA US LLC and Defendant DEALERSHIP made the following express warranty as to the product: "SABICs may help reduce the risk of head injury to front and rear seat outboard occupants. SABICs may reduce the risk of injuries in certain side impact and vehicle rollover events, in addition to the injury reduction potential provided by the seat belts and body structure... The SABICs and SABs ("Side Air Bags") are designed to activate in certain side impacts and certain rollover events. The Occupant Restraint Controller ("ORC") determines whether the deployment of the Side Air Bags in a particular side impact or rollover event is appropriate, based on the severity and type of collision." This was warranty conveyed to the Plaintiff through a product label on the truck and the owner's manual. The express warranty described was a part of the basis of the bargain between the Plaintiff and the Defendants. The goods provided were not of the quality or condition expressly warranted by the defendant's affirmations and were defective in the following respects: The Side Air Bag failed to deploy during a rollover event. This product is inherently dangerous to all who use it and cannot be used in the manner intended without serious risk of physical injury to the user.

## VIII.
## BREECH OF IMPLIED WARRANTIES
## & BREACH OF WARRANTIES OF FIT FOR A PARTICULAR PURPOSE

Plaintiff incorporates by reference all allegations previously made herein. Defendants Defendant FCA US LLC and Defendant DEALERSHIP impliedly warranted to the public generally that the 2015 Ram 1500 Truck was safe, had functional safety equipment, and was fit for the purpose intended when used under ordinary circumstances and in an ordinary manner. Plaintiff would show that the truck was unfit for its indented purpose, specifically that it is not

indented to not have the side airbag not deploy during a roller during normal use. Defendants warrant to customers that the trucks it sells and markets are not inherently dangerous and are fit for the intended use.

In this case, the truck was not fit for its intended use and the Plaintiff suffered injured and damages set forth below as a proximate result of the breach of the foregoing warranties.

## IX.
## DAMAGES

As a result of Defendants' negligence, Plaintiff sustained injuries to his right arm and hand and other parts of his body. As a further result of the occurrence, Plaintiff has incurred expenses for medical and healthcare, medical attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made were the usual and customary charges for such services. Plaintiff will require further medical care, nursing services and medical attention and will necessarily incur reasonable expenses in the future for such medical needs.

Plaintiff has suffered pain and suffering in the past and Plaintiff will continue to suffer pain and suffering in the future. Plaintiff has suffered mental anguish in the past and will continue to suffer mental anguish in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to his body. Plaintiff has suffered damages within the jurisdictional limits of this Court.

Plaintiff is entitled to punitive damages because Defendants' acts or omissions, which when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which the Defendant. had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendants for their reckless, heedless and grossly negligent conduct and to set an example for others that such conduct will not be tolerated.

## X.
## REQUEST FOR DISCLOSURE

Plaintiff hereby requests Defendants disclose, within 51 days of service of this request, the information and material set forth in Rule 194.1(a)-(1) of the Texas Rules of Civil Procedure.

## XI.
## INTERROGATORIES AND PRIVILEGE LOG

Please take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, Plaintiff serves the attached interrogatories, marked hereto as Exhibit "A," to be propounded on Defendants. The attached interrogatories are incorporated by reference as if set forth fully at length. Defendants are hereby instructed to answer the following interrogatories separately, fully, in writing under oath as required by Rule 197.2(d) of the Texas Rules of Civil Procedure. The answer shall be served upon the undersigned counsel within 51 days after service of the interrogatories. Further, demand is made for supplementation of your answers to the interrogatories as required by the Texas Rules of Civil Procedure. **PRIVILEGE LOG** – Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendants identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be disclosed within FIFTY-ONE (51) days after the date service hereof.

**XII.**
**PRODUCTION AND PRIVILEGE LOG**

Please take notice that pursuant to Rule 196 of the Texas Rules of Civil Procedure, Defendants are requested to produce separately and/or permit the undersigned attorney to inspect, copy and reproduce the items hereinafter designated in Exhibit "B," attached hereto and incorporated by reference as if set forth fully at length. You must serve a written response to the undersigned attorney within 51 days after service of this Request for Production with regards to the items requested therein. Further, demand is made for supplementation of your Responses to the Request for Production as required by the Texas Rules of Civil Procedure. **PRIVILEGE LOG –** Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendants identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be disclosed within FIFTY-ONE (51) days after the date hereof.

**XIII.**
**JURY DEMAND**

Plaintiff respectfully requests trial by jury of the issues in this case.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer and that upon final hearing she obtain judgment, recover from Defendants actual damages, economic damages and non-economic damages, including but not limited to medical expenses, pain and suffering, mental anguish, impairment, disfigurement, expert fees, costs and attorney's fees, triple damages under the DTPA statute.

Respectfully submitted,

**LAW FIRM OF DANIELA LABINOTI, P.C.**
Attorney for Plaintiff
707 Myrtle Ave
El Paso, Texas 79901
(915) 581-4600
(915) 581-4605 [Facsimile]

*/s/ Daniela Labinoti*
TX State Bar No.: 24050900